FILED '10 FEB 26 14:29 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LENA R. GOURLEY                           Civ. No. 08-0416-HO

       Plaintiff,                        ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
       Defendant.

---

Pursuant to 42 U.S.C. §§ 405(g), plaintiff seeks review of the December 8, 2007, Administrative Law Judge (ALJ) decision[1] which found that plaintiff was not disabled and denied her application for Supplemental Security Income Disability (SSI)

---

[1] Plaintiff's original hearing in which her request for benefits was denied, was held on March 7, 2005. On December 31, 2007, upon the parties stipulation, this matter was remanded by the court for a new hearing. Plaintiff's new hearing was held on September 14, 2007. The resulting unfavorable decision issued on December 8, 2007, is the one from which plaintiff here seeks relief.

benefits. The ALJ's decision became the Commissioner's final decision when plaintiff's request for review was denied. Because both parties agree on the case's protracted procedural history, those details will not be repeated here.

## Discussion

Plaintiff contends that the ALJ erred by finding "that alcoholism is a material contributing factor to plaintiff's disability." [#16-p.1]. Plaintiff maintains that her impairments are disabling independent of her alcoholism and are sufficiently severe to render her unable to work and thus warrant this case being remanded for an award of benefits. [#14, #16]. Specifically plaintiff argues that the ALJ's decision ignores that she was sober and in treatment for the majority of the closed period[2] and ignores the opinions of treating physicians Moroye and Liem as well as those of her therapist and Family Nurse Practitioner (FNP). [#16-pp.3-5].

Defendant believes the record contains substantial evidence from which the ALJ and subsequently the Commissioner, properly concluded that plaintiff did not meet her burden of proving that her alcohol abuse was not material to her disability and that she would still be found disabled if she stopped abusing alcohol. [#15-pp.8-9]. I agree.

The ALJ determined that plaintiff had not engaged in

---

[2] Plaintiff claimed a closed period of disability from July 30, 2002 through August 27, 2004. [Tr. 57-59; #14-p.4].

substantial gainful activity during the alleged closed period [Tr.674], and found her alcohol dependence, depression, anxiety and personality disorder to be substantial impairments pursuant to 20 C.F.R. 404.1520(c). [Tr.675]. The ALJ noted that when plaintiff stopped her alcohol abuse, her functioning improved and he determined that based on the record before him, with cessation of her alcohol abuse plaintiff would have mild restrictions in her daily living activities and moderate difficulties with regard to concentration, pace or persistence. (Tr.676].

He therefore found that absent her alcohol abuse, although she could not perform her past relevant work, plaintiff would have the residual functional capacity (RFC) to perform light work limited to simple tasks with occasional public contact in a predictable, non-hazardous setting. [Tr.676]. The ALJ thus concluded that plaintiff's substance abuse was a contributing factor material to her disability and found that she was not disabled and therefore not entitled to benefits. [Tr.680-81].

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), see also *Sprague v. Bowen,* 812 F.2d 1226, 1229-30 (9th Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Howard v. Heckler,* 782 F.2d 1484, 1487 (quoting *Richardson v. Perales,* 402

U.S. 389, 401 (1971)).

Similarly, an ALJ has a well established duty to resolve conflicts in the medical record. *Benton v. Barnhard*, 331 F.3d 1030, 1040 (9th Cir. 2003). So an ALJ may reject a treating physician's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. §§ 404.1527(d) and 416.927(d).

The ALJ here gave clear and convincing reasons based on substantial evidence in plaintiff's treatment records, for determining that plaintiff's claimed anxiety, PTSD, depression and insomnia were not sufficiently severe impairments when she was abstaining from alcohol, to find her disabled within the meaning of the Social Security Act.

For example, the ALJ noted that during 2003, plaintiff upon achieving 4 months sobriety was able to volunteer in her son's school while maintaining a second volunteer job. [Tr. 676]. The ALJ further noted that during that period of sobriety, plaintiff was also able to attend regular treatment groups and serve on the council at her treatment facility in addition to her volunteer activity. [Tr. 505, 676, 679].

Contrary to plaintiff's testimony, the ALJ found that her medical record revealed that plaintiff's psychotic symptoms were related to alcohol withdrawal; that she reported daily drinking until drunk until she entered treatment in March 2004 and in April

2004 she reported that she had auditory hallucinations only when withdrawing from alcohol. [Tr. 265-293, 595, 678].

The ALJ also specifically delineated why: (1) Dr. Moroye's testimony was not helpful in determining plaintiff's mental limitations during the closed period[3]; (2) Dr Liem's testimony was similarly unhelpful[4] in determining plaintiff's ability to work; (3) counselor Ashley-Snell's testimony was given little weight in assessing plaintiff's ability to function while sober[5]; and finally why (4) Family Nurse Practitioner McDonald's assessment of plaintiff's inability to work full-time was given little weight.[6]

The ALJ then properly accounted for all credible symptoms connected with plaintiff's impairments in determining her residual functioning capacity which he found limited her to simple, light work with no more than occasional public contact. [Tr. 679]. I find that the subsequent hypothetical posed to the Vocational Expert (VE) was sufficiently detailed to allow the ALJ to reasonably rely on the VE's opinion that if plaintiff stopped her

---

[3] Dr. Moroye's May 8, 2003, letter frankly stated that he was unable to determine plaintiff's current mental capabilities because he had not seen her in a year. [Tr. 366, 679].

[4] Dr Liem had not seen plaintiff since October 14, 2002 when he treated her for menorrhagia. [Tr. 457, 679].

[5] Ms. Ashley-Snell's report internally inconsistent because she assessed plaintiff's work capabilities as very good and yet stated that she believed that plaintiff was unable to work a normal work schedule. [Tr.467-70, 679].

[6] FNP McDonald only saw plaintiff once on March 25, 2003 when she presented as a new patient with anxiety who was concurrently self-medicating with alcohol. [Tr. 493, 679].

substance abuse she would be capable of a successful adjustment to work existing in significant numbers the national economy.

Based on the foregoing, I therefore find that the ALJ fully developed the record, supported his findings with substantial relevant evidence in the record and applied the appropriate legal standards in making his decision that plaintiff absent her alcohol abuse, was not disabled.

## Conclusion

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of February, 2010.

Michael C. Hogan
United States District Judge